SPRINGFIELD EDUCATION ASSN. ET AL., APPELLEES, *v.*
SPRINGFIELD LOCAL BD. OF EDUCATION ET AL., APPELLANTS.

(No. L-77-113—Decided December 23, 1977.)

*Mr. Anthony G. Pizza,* prosecuting attorney, and *Mr. David J. Simko,* for appellants.
*Gallon, Kalniz & Iorio Co., L.P.A.,* for appellees.

BROWN, J. Defendants-appellants, the Springfield Board of Education and Springfield Township School Superintendent Jones, appeal the denial by the Lucas County Common Pleas Court of motions to dismiss Jones as a party defendant, in his official capacity, and for a summary judgment. There is a final appealable order here because the Common Pleas Court granted the motion for summary judgment of plaintiffs-appellees, the Springfield Education Association and teachers Lipinski, Kogut, Stebel and Fields, in the same order in which it denied appellants' motions.

The case arose as follows. Pursuant to a work dispute between the Board of Education and the Education Association, teachers who belong to the Association did not attend classes on March 19, 1976, and received no pay for the day. When the dispute ended, the Board of Education and the Association agreed to select an in-service day to make up for the missed day, for which teachers would be paid. June 14, 1976, the first available day, was chosen. The plaintiff teachers did not attend school on June 14th. On that day, one of these teachers was on active army reserve duty, one was on maternity leave, and two were attending an out-of-town home economics workshop. The

Board of Education refused to pay the teachers wages for June 14th, and the teachers and the Education Association brought suit against the Board of Education, Superintendent Jones, and the individual Board members for a declaration of rights and a judgment that the teachers were entitled to one day's pay.

The trial court entered a summary judgment for plaintiffs against the Board and Superintendent Jones and the individual Board members in their official capacity for wages due and owing for June 14, 1976. The Board and Superintendent Jones appeal.

The first assignment of error states:

"The trial court erred in denying the motion to dismiss of [sic] superintendent Kenneth Jones in his official capacity."

While the Board of Education is ultimately responsible for authorizing the compensation of school employees (see R. C. 3315.08), the superintendent is the executive officer of the Board (see R. C. 3319.01). Furthermore, the parties here stipulated that Superintendent Jones was the agent of the Board. Pursuant to Board policy, the Superintendent was authorized to supervise sick leaves, and pursuant to both Board policy and statute (R. C. 3319.142), the Superintendent is authorized to approve personal leaves. Therefore, we find that Jones in his official capacity was a proper party to the suit and that the first assignment of error is not well taken.

The second assignment of error states:

"The trial court erred in denying defendant-appellants' motion for summary judgement [sic]."

We find that the June 14, 1976, in-service day was within the statutory school year commenced on July 1, 1975, and terminated on June 30, 1976. See R. C. 3313.62. Further, the parties stipulated that June 14, 1976, was scheduled by the Board of Education and Superintendent Jones as a makeup day for the day lost on March 19, 1976. Clearly, June 14th was a day within the school term established by the Board within the scope of R. C. 3313.48.

As June 14th was a properly scheduled in-service day within the school term and year, those employees who either attended or were or should have been excused from attending pursuant to statute or Board policy were entitled to receive wages for the day. The Plaintiff teachers presented valid reasons for nonattendance and, were entitled to compensation.

The teacher attending army reserve training was entitled to compensation for absence due to military duty, pursuant to R. C. 5923.05, regardless of administrative approval of his leave. The teacher who was on maternity leave was entitled to compensation for sick leave pursuant to R. C. 3319.141, upon administrative approval, since she had not exhausted her accumulated sick leave days. The two teachers who attended the work shop were entitled to compensation pursuant to R. C. 3319.142, upon administrative approval, having requested the leaves of absence for personal reasons and not having exhausted their accumulated personal leaves. As the in-service day was scheduled only as a makeup day for teachers, with no classes being scheduled; as it was Board policy to permit leave with pay under the circumstances present here; and as the administration offered no reasons for denying leave to the latter three teachers, the denial of leave to these teachers was unreasonable and arbitrary.

Based on the pleadings, memoranda, and stipulations, the court below could come to only one conclusion: that plaintiffs were entitled to a judgment on their claim. Therefore, the court properly dismissed defendants' motion for a summary judgment, and granted a summary judgment in favor of plaintiffs.

Accordingly, the second assignment of error is not well taken.

*Judgment affirmed.*

Connors and Wiley, JJ., concur.

Wiley, J., retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.